IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PEYTON INGE, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| CSC CREDIT SERVICES, INC., | § | |
| AND CAPITAL ONE(USA) | § | Jury Trial Demanded |
| BANK, N.A. | § | |
|     Defendants. | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Peyton Inge ("Plaintiff"), an individual, pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* CSC Credit Services, Inc. ("CSC") and Capital One Bank, N.A.. ("Capital One") (collectively, "Defendants").

2. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

5. Service may be made upon Defendants in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

6. Plaintiff, Peyton Inge ("Plaintiff"), is a natural person residing in the State of Texas, County of Denton, and City of Argyle.

7. Plaintiff is a "consumer" as defined by the 15 U.S.C. § 1681a(c).

8. Defendant, CSC, is a for-profit foreign limited liability company authorized to do business in the State of Texas, County of Denton, and is engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

9. CSC uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

10. CSC is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Capital One is a National Bank authorized to do business in the State of Texas, County of Denton, and City of Argyle that furnishes information to consumer reporting agencies.

12. Capital One is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS—CAPITAL ONE ACCOUNT

13. On behalf of Capital One, Global Credit & Collection Corporation ("Global"). sent Plaintiff written communication dated February 7, 2011, in an attempt to collect a debt arising from Plaintiff's Capital One credit card, account number ending in 8799 ("Capital One Account"). (Global February 7, 2011, Correspondence, attached as Exhibit A).

14. On February 7, 2011, Plaintiff contacted Global and spoke to someone who identified himself as Mr. Sebastian.

15. During this conversation, Global informed Plaintiff that it was a duly authorized agent acting on behalf of Capital One.

16. During this conversation, Global and Plaintiff entered a "final settlement agreement" to settle the Capital One Account in the amount of $3,294.00.

17. This agreement included a payment plan that called for Plaintiff to make a $2,000.00 payment on February 17, 2011, and then $100.00 monthly payments from March 2011 through February 2012, and then a final payment in the amount of $94.00 in March 2012.

18. Plaintiff provided Global with a bank account number from which it could withdraw these payments.

19. Pursuant to the terms of the agreement, once Plaintiff made all of the above payments, the Capital One Account would be reported to the credit agencies as "Settled in Full" with a $0.00 balance due and "Closed at Customer Request."

20. Global sent Plaintiff written communication, dated February 16, 2011, that confirmed that it was a "duly authorized agent acting on behalf of Capital One" and confirmed the above mentioned "final settlement", payment plan, and that upon receipt of the final payment, Plaintiff's "Credit Bureau will be updated accordingly." (Global February 16, 2011, correspondence, attached as Exhibit B).

21. On February 16, 2011, Plaintiff sent Global written communication confirming the "final settlement" and payment plan, and also clarifying that upon receipt of the final payment, the Capital One Account would be reported to the credit agencies as "Settled in Full" with a $0.00 balance, and "Closed at Customer Request." (Plaintiff's February 16, 2011 confirmation, attached as Exhibit C).

22. Thereafter, Global began withdrawing the payments pursuant to the payment plan.

23. Sometime in about June 2011, Plaintiff received written communication from Capital One indicating that Global was "no longer servicing" the Capital One Account and that

starting July 1, 2011, the automatic payments (pursuant to the payment plan) would be processed by Capital One "as preauthorized drafts in the amounts and at the intervals [Plaintiff] previously agreed to with Global."  (Capital One June 2011 correspondence, attached as Exhibit D).

24.     After Capital One withdrew the final payment on March 5, 2012, Capital One sent Plaintiff written communication dated March 6, 2012, which stated that Plaintiff still owed the amount of $8,219.42 on the Capital One Account, but that because Plaintiff showed "good faith" it was willing to settle the Capital One Account in the amount of $4,550.00.  (Capital One March 6, 2011, attached as Exhibit E).

25.     Thereafter, Plaintiff realized the Capital One Account was being reported on his credit for the amount of $8,219.42.

26.     On or about May 21, 2012, Plaintiff sent written communication to Equifax information Services, LLC, CSC, Experian Information Solutions, LLC, and TransUnion LLC, disputing the credit reporting of the Capital One Account.  (May 27, 2012, Capital One Dispute, attached as Exhibit F).

27.     With Plaintiff's May 21 letter, Plaintiff included his confirmation letter he sent to Global on February 16, 2011.

28.     On or about June 5, 2012, TransUnion sent Plaintiff its dispute results that indicated that the Capital One Account was deleted from Plaintiff's credit report.  (TransUnion dispute results, attached as Exhibit G).

29.     On or about June 7, 2012, CSC sent Plaintiff its dispute results that indicated that it had verified that the Capital One Account was being reported correctly.  (CSC June 7, 2012 dispute results, attached as Exhibit H).

30. On or about June 8, 2012, CSC sent Plaintiff its dispute results that indicated that Capital One had verified that the Capital One Account was being reported correctly. (CSC June 8, 2012, dispute results, attached as Exhibit I).

31. By verifying the Capital One Account and failing to honor the settlement agreement, Capital One failed to fully and properly investigate Plaintiff's dispute of the reporting of the Capital One Account and failed to accurately respond to Plaintiff's dispute.

32. Plaintiff did not receive a response from Experian.

33. On August 6, 2012, Plaintiff sent CSC another dispute letter which requested an explanation of how the Capital One Account was verified and who verified it. (Plaintiff's August 6, 2012 dispute, attached as Exhibit J).

34. In response, on or about August 15, 2012, CSC sent Plaintiff the results of the reinvestigation which provided Plaintiff contact information for Capital One. (CSC's August 15, 2012 Results of Reinvestigation, attached as Exhibit K).

35. Capital One has since hired a different debt collector to attempt to collect the Capital One Account, despite it being settled. (See Northland Letter, attached as Exhibit L).

### FACTUAL ALLEGATIONS—UNIVERSAL ACCOUNT

36. On or before May 21, 2012, Plaintiff's credit report from Equifax, CSC, Experian, and TransUnion, showed a credit account ending in 7702 ("the Universal Account") being reported by Universal CD/CBNA.

37. In a letter dated May 21, 2012 to Equifax, CSC, Experian, and TransUnion, Plaintiff disputed the accuracy of the reported information and demanded the reporting be deleted. (See May 21, 2012 Dispute Letter, attached as Exhibit M).

38. With Plaintiff's May 21, 2012 letter, Plaintiff included a letter from Citibank that stated that Plaintiff "is not liable to CitiBank" for the Account and stating that is has requested that TransUnion, Equifax, and Experian is not liable to Citibank for the Universal Account. (See Citibank Letter, attached as Exhibit M).

39. Despite actual knowledge that Plaintiff is "not liable" for the Universal Account and that the Universal Account should be deleted, CSC sent Plaintiff is dispute results, dated June 4, 2012, that verified that the account belonged to Plaintiff and that its was an unpaid, "charge off" account. (June 4, 2012, Dispute Results, attached as Exhibit N).

**FACTUAL ALLEGATIONS—RECENT CREDIT REPORTING**

40. As of October 12, 2012, Plaintiff's TransUnion credit report did not include the Capital One Account. (See TransUnion October 12, 2012, credit report, attached as Exhibit O).

41. As of October 12, 2012, Plaintiff's TransUnion credit report included the Universal Account as a closed—but paid—charge off account. (Exhibit O).

42. As of October 22, 2012, Plaintiff's Experian credit report included the Capital One Account as a closed, charge off account.. (Experian October 22, 2012 credit report, attached as Exhibit P).

43. As of October 22, 2012, Plaintiff's Experian credit report included the Universal Account as a closed—but paid—charge off account. (Exhibit P).

44. As of October 22, 2012, Plaintiff's CSC credit report included the Capital One Account as a closed, charge off account. (CSC October 22, 2012 credit report, attached as Exhibit Q).

45. As of October 12, 2012, Plaintiff's CSC credit report included the Universal Account as a closed—but paid—charge off account. (Exhibit Q).

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1681e(b) OF FCRA**
**AGAINST CSC**

46. Plaintiff repeats and re-alleges each and every allegation contained above.

47. CSC violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

48. As a result of CSC's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

49. CSC's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n, *et seq*.

50. In the alternative, CSC's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o, *et seq.*

Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CSC violated 15 U.S.C. § 1681e(b);

b) Awarding Plaintiff actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

d) Awarding Plaintiff punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681i OF FCRA
## AGAINST CSC

51. Plaintiff repeats and re-alleges each and every allegation contained above.

52. CSC violated 15 U.S.C. § 1681i on multiple occasions by failing to correct inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

53. As a result of CSC's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

54. CSC's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n, *et seq*.

55. In the alternative, CSC's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o, *et seq.*

Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that CSC violated 15 U.S.C. § 1681i;

    b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

    c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

    d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

    e) Awarding such other and further relief as the Court may deem just and proper.

# COUNT III
## VIOLATION OF 15 U.S.C. § 1681s-2(b) OF FCRA
## AGAINST CAPITAL ONE

56. Plaintiff repeats and re-alleges each and every allegation contained above.

57. Capital One violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to credit reporting agencies, and by failing to review all relevant information about same, by failing to accurately respond.

58. As a result of Capital One's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

59. Capital One's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n, *et seq*.

60. In the alternative, Capital One's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o, *et seq.*

Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Capital One violated 15 U.S.C. § 1681s-2(b);

    b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

    c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a);

    d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

    e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

61. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

WEISBERG & MEYERS, LLC

By: /s/ Martha Beard-Duncan
Martha Beard-Duncan
Texas Bar No. 24053094
MBeard-Duncan@attorneysforconsumers.com
WEISBERG AND MEYERS, LLC
9330 LBJ Freeway, Suite 900
Dallas, TX 75243
Telephone: (888) 595-9111 ext. 350
Facsimile: (866) 565-1327

*Attorney for Plaintiff*
PEYTON INGE